CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 17 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RALPH DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>MAJOR M. SHUPE, ET AL.,<br><br>    Defendants. | Case No. 7:09CV00292<br><br>**MEMORANDUM OPINION**<br><br>By: Glen E. Conrad<br>United States District Judge |

Plaintiff Ralph Davis, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Davis alleges that the defendant prison officials changed his security classification and his rate of earning good conduct time and approved his transfer without providing appropriate procedural protections. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.[1]

Davis is incarcerated at the Cold Spring Work Center in Greenville, Virginia. The allegations in his complaint are very brief:

> On 6-22-09 I was given a copy of Major M. Shupe's Institutional Classification Authority Hearings from by [sic] Counselor Miley and his recommendations which had been approved and carried out. My GCA Level had been reduced from a Level I to a Level II status in good time earnings and my security level increased from a Level I to Level II and transfer approved for 6-26-09 without a formal due process hearing by Institutional Classification Authority.

Davis sues Shupe, Miley, and E. H. Meeks, who is the superintendent of the work center, seeking $250,000 in monetary damages for mental stress and denial of due process.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). When a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). For example, inmates have no constitutional right to be housed in any particular prison or in a prison with less restrictive conditions. Meachum v. Fano, 427 U.S. 215, 224 (1976).

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.

Id. at 224-25. Moreover, inmates' confinement is necessarily subject to the broad discretion of those parties managing the jail. Gaston, 946 F.2d at 343.

Nevertheless, confinement does not strip inmates of all liberty interests, and state prison regulations may create liberty interests. Id. Such liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Courts have found that Virginia's classification scheme governing prisoners' custody, security, and good conduct earning levels does not create a liberty interest in avoiding changes in these classifications, since an inmate's status in each of these areas is subject to change, based on his own behavior and the discretion of prison officials. Oliver v. Powell, 250 F. Supp.2d 593, 605 (E.D. Va. 2002); Garrett v. Angelone, 940 F. Supp.2d 933, 943 (W.D. Va.1996). A state's failure to abide by its own procedural regulations before imposing a less favorable classification or housing assignment is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

Under these precedents, it is clear that Davis' claims are legally frivolous. He has no protected liberty interest in remaining at GCA earning Level I or security Level I or to be housed in a prison of a certain security level. Accordingly, prison officials' failure to provide him certain procedural protections before making changes to his classifications or housing assignment does not implicate any constitutional right. To the extent officials failed to comply with a VDOC procedure in changing his classifications without having him present at a hearing, their actions do not present any federal claim cognizable under § 1983.[2]

For the stated reasons, the court finds that plaintiff's present claims under § 1983 have no basis in law. Therefore, the complaint must be dismissed, pursuant to § 1915A(b)(1), as frivolous. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 17th day of July, 2009.

*[signature]*
United States District Judge

---

[2] Section 1983 was intended to protect only federal rights guaranteed by federal law and not claims arising under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). To the extent that Davis may have some claim under state law, they are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c).